**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**LARRY D. JOHNSON,** o/b/o
**C.S.G.,**

               **Plaintiff,**              **6:15-cv-179**
                                       **(GLS/ATB)**

             **v.**

**CAROLYN W. COLVIN,**
Acting Commissioner of Social
Security,

               **Defendant.**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Legal Aid Society of Northeast New York | MICHAEL J. TELFER, ESQ. |
| 55 Colvin Avenue | |
| Albany, NY 12206 | |
| | |
| New York State School Boards Association | SHUBH NIGAM MCTAGUE, ESQ. |
| 24 Century Hill Drive | |
| Suite 200 | |
| Latham, NY 12110 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | JASON P. PECK |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |

Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Larry D. Johnson o/b/o C.S.G. challenges defendant

Commissioner of Social Security's denial of Supplemental Security Income

(SSI), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3).[1]  (Compl.,

Dkt. No. 1.)  In a Report-Recommendation (R&R) filed January 19, 2016,

Magistrate Judge Andrew T. Baxter recommended that the

Commissioner's decision be affirmed.  (Dkt. No. 14.)  Pending are

Johnson's objections to the R&R.  (Dkt. No. 15.)  For the reasons that

follow, the court adopts the R&R in its entirety.

### II. Background[2]

On June 8, 2010, Johnson filed an application for SSI under the

---

[1] 42 U.S.C. § 1383(c)(3) renders section 405(g) of Title 42 applicable to judicial review of SSI claims.

[2] The court incorporates the factual recitations of the parties and Judge Baxter.  (*See generally* Dkt. Nos. 11, 13, 14.)

Social Security Act ("the Act") on behalf of his minor foster son. (Tr.[3] at

113, 176-82.) After his application was denied, Johnson requested a

hearing before an Administrative Law Judge (ALJ), which was held on

June 5, 2012. (*Id.* at 67-92, 115-21.) On July 20, 2012, the ALJ issued a

decision denying the requested benefits, which became the

Commissioner's final determination upon the Social Security Administration

Appeals Council's denial of review. (*Id.* at 1-4, 20-45.)

Johnson commenced the present action by filing a complaint on

February 17, 2015, seeking judicial review of the Commissioner's

determination. (Compl.) After receiving the parties' briefs, Judge Baxter

issued an R&R recommending the Commissioner's decision be affirmed.

(*See generally* Dkt. No. 14.)

### III. Standard of Review

By statute and rule, district courts are authorized to refer social

security appeals to magistrate judges for proposed findings and

recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B);

N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final

judgment, this court reviews report and recommendation orders in cases it

---

[3] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 10.)

has referred to a magistrate judge.  If a party properly objects to a specific

element of the magistrate judge's findings and recommendations, this court

reviews those findings and recommendations *de novo*.  *See Almonte v.*

*N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3,

*5 (N.D.N.Y. Jan. 18, 2006).  In cases where no party has filed an

objection, only vague or general objections are made, or a party resubmits

the same papers and arguments already considered by the magistrate

judge, this court reviews the findings and recommendations of the

magistrate judge for clear error.  *See id.* at *4-5.

## IV.  Discussion

Johnson purports to object to the R&R on three grounds.  (Dkt. No.

15 at 1-6.)  Specifically, he asserts that Judge Baxter erred in

recommending this court affirm the ALJ's findings concerning C.S.G.'s

functioning in three of the six broad areas of functioning, or domains.  (*Id.*)

He contends that C.S.G. has at least marked limitations in the domains

acquiring and using information, attending and completing tasks, and

caring for oneself, contrary to the ALJ's holdings.  (*Id.*)  The substance of

Johnson's argument with respect to the domain acquiring and using

information, however, was previously raised in his brief and considered and

4

rejected by Judge Baxter. (Dkt. No. 11 at 16-17; Dkt. No. 15 at 2-3.) This "objection," therefore, is general and does not warrant *de novo* review. *See Almonte*, 2006 WL 149049 at \*4.

With respect to the domain attending and completing tasks Johnson argues that Judge Baxter erred in concluding that the ALJ properly considered the January 2012 opinion of C.S.G.'s teacher, Margaret Fagel. (Dkt. No. 15 at 4.) According to Johnson, contrary to Judge Baxter's observation, the ALJ failed to consider Fagel's opinion that C.S.G. suffered a "very serious" problem in focusing long enough to finish assigned activities and a "serious" problem working without distracting himself or others and working at a reasonable pace. (*Id.*) Despite Johnson's protestations, a *de novo* review of the record reveals that the ALJ's determination with respect to this domain is legally sound and supported by substantial evidence. *See Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) ("Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." (internal quotation marks and citations omitted)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's

5

conclusion must be upheld.").  The ALJ considered the treatment notes of

nurse practitioner Frances LoCascio, C.S.G.'s counselor at The Family

Counseling Center, Inc., which indicate that, in December 2010 and April

and May 2011, medication adjustments had improved C.S.G.'s ability to

concentrate and he was doing very well both at school and home.  (Tr. at

30, 35, 434, 436, 444.)  The ALJ also considered the opinion of

psychologist M. Martin and pediatrician D. Bostic, who reviewed C.S.G.'s

psychiatric progress notes and concluded that he suffered a less than

marked limitation in this domain.  (*Id.* at 34, 392.)  The ALJ explicitly

considered the January 2012 opinion of Fagel and noted some of her

specific concerns with respect to C.S.G.'s ability to focus and need for

redirection.  (*Id.* at 35, 491.)  As Johnson himself points out, an ALJ has

the discretion to weigh the opinions of non-medical sources, such as

teachers, against other evidence of record.  (Dkt. No. 15 at 5.)  While the

ALJ did not recite the entirety of Fagel's opinion, it is clear that she

considered it in its entirety, and found it less persuasive than other

evidence of record.  (Tr. at 35); *cf. Baez ex rel. D.J. v. Colvin*, No.

6:13-CV-142, 2014 WL 1311998, at *10 (N.D.N.Y. Mar. 31, 2014) (holding

that remand was required where the ALJ failed to "even acknowledge that

[a teacher's] opinion was in the record); *see also Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (explaining that, where 'the evidence of record permits [the court] to glean the rationale of an ALJ's decision,'" it is not necessary that the ALJ "'have mentioned every item of testimony presented to h[er] or have explained why [s]he considered particular evidence unpersuasive or insufficient to lead h[er] to a conclusion of disability'" (citations omitted)).  Accordingly, and for the reasons articulated by Judge Baxter, (Dkt. No. 14 at 15-18), the court finds that this portion of the Commissioner's decision should be affirmed.

Finally, Johnson argues that Judge Baxter misinterpreted the testimony of C.S.G.'s foster mother in upholding the ALJ's finding that C.S.G. suffered no limitation in the domain caring for oneself.  (Dkt. No. 15 at 6.)  When discussing the testimony of C.S.G.'s foster mother, the ALJ noted her explanation that when C.S.G. comes home from weekend visits with his mother, he has often not bathed nor changed his clothes.  (*Id.* at 29.)  Judge Baxter concluded that, while this could evince a limitation in the domain caring for onself, in this case, it evinces the mother's own difficulties with mental illness.  (Dkt. No. 14 at 22.)  Johnson objects to this conclusion and asserts that C.S.G. should be independent in his ability to

care for his personal hygiene.  (Dkt. No. 15 at 6.)  Again, the court has

reviewed the evidence of record with respect to this domain *de novo* and

concludes that the ALJ's decision is supported by substantial evidence.

Particularly, the ALJ relied upon the opinion of Fagel that C.S.G. has no

problems caring for himself.  (Tr. at 39, 494.)  Moreover, the function report

completed by C.S.G.'s case coordinator in June 2010 indicates that he

suffers no limitations in his ability to help himself and cooperate with others

in taking care of personal needs.  (*Id.* at 196.)  With respect to the

testimony of C.S.G.'s foster mother, the court concludes that the difficulties

she described indicate that, while C.S.G. cared for himself in her home, he

failed to do so when in the care of his mother who was "not capable of

carrying out the role of a parent" because she suffered from cognitive and

mental limitations.  (*Id.* at 83.)  Assuming, *arguendo,* that this

demonstrated some limitation in the domain caring for onself, it is

inconsistent with the above mentioned evidence.  *See Bonet ex rel. T.B. v.

Colvin*, 523 F. App'x 58, 59 (2d. Cir. 2013) ("[W]hether there is substantial

evidence supporting the appellant's view is not the question," instead, the

court must "decide whether substantial evidence supports *the ALJ's

decision.*").  Moreover, the testimony of C.S.G.'s mother, does not, in and

of itself, evince a marked limitation in this domain.[4]  Thus, even if the ALJ

erred in finding no limitation in this domain, remand is not required on this

basis.  *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("Where

application of the correct legal standard could lead to only one conclusion,

we need not remand." (citation omitted)).

Having addressed Johnson's specific objections *de novo*, and

otherwise finding no clear error in the R&R, the court accepts and adopts

Judge Baxter's R&R in its entirety.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's January 19,

2016 Report-Recommendation (Dkt. No. 14) is **ADOPTED** in its entirety;

and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and

Johnson's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

---

[4]  A "marked" limitation is one that "interferes seriously" with the claimant's "ability to independently initiate, sustain, or complete activities" within the given domain, while an "extreme" limitation "interferes very seriously" with those abilities.  20 C.F.R. § 416.926a(e)(2)(i), (3)(i).  A child's impairment or combination of impairments functionally equals the listings, and therefore entitles him to benefits, *see* 20 C.F.R. § 416.924(a), (d), when he suffers "marked" limitations in two, or an "extreme" limitation in one, of the six "domains" of functioning.  *Id.* § 416.926a(a), (b)(1)(i)-(vi).

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

September 27, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge